[No. D028771. Fourth Dist., Div. One. Sept. 18, 1997.]

MICHAEL J. FLYNN et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
JONA BOLLING et al., Real Parties in Interest.

COUNSEL

Flynn, Sheridan, Tabb & Stillman, Philip H. Stillman and Carla A. DiMare for Petitioners.

No appearance for Respondent.

Bacalski, Byrne & Koska, A. Daniel Bacalski, Jr., David B. Monks, Pascoe & Hays, William T. Pascoe, Shawn M. Hays, Dicks & Dunning, Joseph G. Dicks and Donald T. Dunning for Real Parties in Interest.

OPINION

**NARES, Acting P. J.**—Business and Professions Code[1] section 7539, subdivision (a) provides that with the exception of divulging certain information to a law enforcement officer or district attorney, a licensed private investigator shall not divulge information acquired during his or her investigation

---

[1]All further statutory references are to the Business and Professions Code unless otherwise indicated.

except as "required by law" or as directed by the investigator's employer or client. Based on the section, private investigator Jona Bolling contends she cannot be required to disclose the name of her employer in response to deposition questions. We conclude that the identity of the private investigator's employer does not fall within the scope of the statute and that the court erred in holding Bolling could not be required to answer the deposition questions.

BACKGROUND

Petitioner Flynn, Sheridan & Tabb (FS&T), a law firm, disposes of its trash through a private service. The trash is placed in an enclosed bin located on fenced and secured premises. In September 1995, petitioner Michael Flynn, an FS&T partner, discovered a man removing two bags of law firm trash. The man loaded the bags in a van, later determined to be owned by real party in interest Peter Barranco, and attempted to hit Flynn as he drove away. Barranco was employed by real party in interest Jona Bolling, a licensed private investigator.[2]

FS&T, Flynn and petitioner Philip Stillman, also an FS&T partner (collectively referred to as petitioners), filed this action against Bolling and Barranco for invasion of privacy, trespass, conversion, assault and other torts. Real party in interest Richard Post apparently was later added as a defendant.

Petitioners attempted to depose both Bolling and Barranco. Counsel for the defendants repeatedly objected to questions posed and instructed their clients not to answer. Bolling was twice asked who hired her to investigate FS&T, Flynn and Stillman. Her two attorneys instructed her not to answer on Fifth Amendment and privacy grounds and on the basis the question assumed facts not in evidence.

Petitioners moved to compel Bolling and Barranco to answer deposition questions and to produce documents described in deposition notices. The matter was referred to a discovery referee, retired San Diego Superior Court Judge Robert Thaxton. In opposing the motion, Bolling argued she was prohibited from revealing the identity of her employer based on section 7539, subdivision (a). The referee concluded the court had the authority to cause a private investigator to divulge information she acquired and recommended the court grant the motion to compel answers to the questions asking the identity of Bolling's client.

Bolling objected to the referee's recommendation and argued section 7539, subdivision (a) should be interpreted to allow her not to disclose her

---

[2]Factual allegations are taken from the complaint.

client's identity. The trial court sustained Bolling's objections, finding section 7539, subdivision (a) mandated against disclosure. The trial court concluded the term "required by law" applied only to statutes requiring disclosure and that a broader interpretation would render the protections of the section virtually meaningless. The court did not make a specific determination whether the identity of the client is included within the "information" to which the section applies.

Petitioners ask this court to issue a peremptory writ of mandate directing the trial court to vacate its order. We issued an order to show cause and heard oral argument.

## DISCUSSION

The Private Investigator Act controls the regulation, licensing, registration and disciplining of private investigators. (§ 7512 et seq.) Section 7539 lists "prohibited acts" for investigators. Subdivision (a) of the section provides: "Any licensee or officer, director, partner, or manager of a licensee may divulge to any law enforcement officer or district attorney, or his or her representative, any information he or she may acquire as to any criminal offense, but he or she shall not divulge to any other person, except as he or she may be required by law so to do, any information acquired by him or her except at the direction of the employer or client for whom the information was obtained."

Petitioners contend section 7539, subdivision (a) does not create a private investigator privilege and further that, even if a statutory privilege is created, a private investigator is "required by law" to divulge information if a court orders it to do so pursuant to civil discovery statutes. Bolling, on the other hand, argues section 7539, subdivision (a) requires her to keep confidential information she acquires during her work, including the identity of her client. She further contends the statute creates a "privilege" and the statutory exception whereby she must divulge such information when "required by law" to do so applies to statutory law only and not to court orders.[3] Because we conclude the identity of the client is not included within

---

[3] Bolling additionally argues that review by writ is not warranted and the issues raised may be addressed on appeal from the final judgment. We conclude the matter warrants immediate review because it involves the application of a statutory provision and a decision at this time may provide guidance in related pending cases. Bolling also argues the petitioners should not be allowed to complain about her use of section 7539, subdivision (a) because they have "unclean hands." She moves to add "documentary evidence" in support of her argument. The

the term "information" as used in section 7539, subdivision (a), it is unnecessary for us to reach the parties' arguments.[4]

■ The primary goal of statutory construction is to determine the intent of the Legislature to effectuate the purpose of the law. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) To do so, the court should first look to the words of the statute. (*Ibid.*) If the words are clear, there is no need for construction; if the words are ambiguous, the courts may look to a variety of extrinsic aids. (*Golden State Homebuilding Associates* v. *City of Modesto* (1994) 26 Cal.App.4th 601, 608 [31 Cal.Rptr.2d 572].)

■ Section 7539, subdivision (a) prohibits an investigator from divulging "information acquired by [the investigator] . . . [for] the employer or client for whom the information was obtained." The language of the statute is clear that it is only information that is acquired for the client that may not be divulged. Information acquired for the client is information which the investigator acquires on the client's behalf while the investigator is in the client's employ, i.e., information developed during the course of the investigation conducted for the client. Normally, an investigator knows the identity of the client before entering into the investigator/client relationship and the identity of that client would not be information acquired for the client. Even assuming a client conceals his or her identity which the investigator later discovers, such information is hardly obtained for the client within the meaning of the statute. A plain reading of the statutory language demonstrates the identity of the client does not fall within its scope.

Moreover, even if the language could be considered ambiguous, the historical development of the statute supports the interpretation that it is only

---

evidence was not considered below and adds nothing to our deliberations. The motion is denied.

Richard Post urges the court to grant the petition and presents arguments similar to those of petitioners. He additionally argues the petition should be granted because Bolling failed to timely object on the basis of a "private investigator privilege." (See Code Civ. Proc., § 2025, subd. (m)(1); see also *International Ins. Co.* v. *Montrose Chemical Corp.* (1991) 231 Cal.App.3d 1367, 1373, fn. 4 [282 Cal.Rptr. 783] [objections based on privilege or work product waived if not specifically made at deposition].) Our review of the record indicates that Post did not join in petitioner's objections or arguments to the discovery referee or trial judge. Rather, the record indicates Post supported Bolling's position. We decline at this late date to allow Post to raise a new issue not presented to the referee or judge, particularly when petitioners do not join in the argument.

Peter Barranco initially advised the court he had not objected to the discovery referee's finding section 7539, subdivision (a) did not apply to him and that he had no direct interest in the petition. In a later submission, he appears to argue the discovery referee's finding as to the section's applicability to him was in error. Consideration of this argument is not properly before this court.

[4]Before oral argument, we asked the parties to brief and be prepared to argue whether the client's identity fell within the scope of the section.

information obtained for the client during the course of the investigation that is covered by the section. The Legislature enacted the predecessor to section 7539, subdivision (a) in 1927. The provision prohibited an investigator from divulging "any information acquired by him during such employment in respect of any of the work to which he shall have been assigned by such employer or client." (Stats. 1927, ch. 885, § 5, p. 1941.) In 1933, the Legislature continued the prohibition in the same language. (Stats. 1933, ch. 804, § 5, p. 2138.) In 1941, the Legislature codified the act by adding sections 7500 to 7593 to the Business and Professions Code. (Stats. 1941, ch. 43, pp. 624-628.) Section 7562 provided it was unlawful for a licensee to divulge "information acquired by him except at the direction of the employer or client for whom the information was obtained." (Stats. 1941, ch. 43, § 1, p. 626.) In 1947, the Legislature adopted language that is substantially identical to current section 7539, subdivision (a). (Stats. 1947, ch. 1543, § 2, p. 3180.)

In 1981, the Legislature enacted the Insurance Adjuster Act containing a prohibition against divulging information that mirrored that contained in the provision covering private investigators. (Stats. 1980, ch. 1190, § 14038, subd. (a), p. 3987.) In 1994, the Legislature repealed the existing Private Investigators Act and reenacted its provisions under two acts: the Private Investigator Act (§ 7512 et seq.) and the Private Security Services Act (§ 7580 et seq.). (Stats. 1994, ch. 1285.) Application of the Private Investigator Act is limited to private investigators. (§ 7521.) Private patrol operators (one who furnishes watchmen, guards or patrolpersons) and armored contract carriers who had previously been included within the provisions governing private investigators are covered under the Private Security Services Act. (§§ 7580.6, 7582.1, subd. (a).) Both acts include identical provisions prohibiting licensees from divulging information. (§§ 7539, subd. (a), 7582.26, subd. (a).)

The development of the language of section 7539, subdivision (a) over the previous 70 years makes it clear only information obtained for the client during the course of the investigation is covered by the section. As discussed above, the identity of the client is not included within such information.

Moreover, the fact that identical provisions apply to private patrol operators and armored contract carriers (§ 7582.26, subd. (a)) as well as insurance adjusters (Ins. Code, § 14038, subd. (a)) makes it abundantly clear the Legislature did not intend section 7539, subdivision (a) to prohibit a private investigator from divulging the identity of a client in response to a court order. Considering the potential for harm to the public from the activities of private investigators and those providing security services (many of whom

carry firearms), it is inconceivable the Legislature intended to enact a privilege whereby the licensee could refuse to identify a client or employer thereby potentially shielding the employer from any responsibility or liability. If the Legislature had intended such a radical result it would have done so by explicit language.

## DISPOSITION

Let a peremptory writ issue vacating the trial court's order and entering a new order directing Bolling to answer the deposition questions regarding the identity of her client.

McDonald, J., and McIntyre, J., concurred.